UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ERIC KING and CLAUDE DALE,

                                Plaintiffs,

        -against-

CITY OF NEW YORK, JESSICA NIEVES, Individually,
ROBERT CLEMENZA, Individually, CHRISTOPHER PARCO,
Individually, GZIM PALAJ, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 1547
(SLT) (MDG)

<u>Jury Trial Demanded</u>

Plaintiffs ERIC KING and CLAUDE DALE, by their attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ERIC KING is a forty-seven year old African American man who resides in Staten Island, New York.

7.      Plaintiff CLAUDE DALE is a thirty-three year old African American man who resides in Staten Island, New York

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants JESSICA NIEVES, ROBERT CLEMENZA, CHRISTOPHER PARCO, GZIM PALAJ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On December 22, 2011, at approximately 3:30 p.m., in front of 414 Jersey Street, Staten Island, New York, the defendant NYPD police officers, including but not limited to, CHRISTOPHER PARCO and GZIM PALAJ, without reason or justification, and with guns drawn, approached plaintiffs ERIC KING and CLAUDE DALE, who were seated in plaintiff KING's vehicle.

14.     The defendant officers pointed their guns at plaintiffs and ordered plaintiffs to exit the vehicle.

15.     The defendant officers immediately grabbed plaintiffs, pushed them against the vehicle, and placed handcuffs on their wrists.

16.     The defendant officers unreasonably searched plaintiffs by patting them down, searching in their pockets, and searching in plaintiffs' pants by swiping their rectal areas.

17.     Although the defendants neither recovered any weapons or contraband from plaintiffs, nor had the plaintiffs committed any crime or offense, defendants PARCO and PALAJ unlawfully imprisoned plaintiffs in a police vehicle.

18.     Defendant officers thereafter searched plaintiff KING's vehicle.

19.     Defendants PARCO, PALAJ, and JOHN and JANE DOE 1 through 10, conspired with defendant JESSICA NIEVES, who was present during the search of plaintiff's vehicle, to falsely claim that contraband was recovered from plaintiff KING's vehicle.

20.     Plaintiffs were transported to the 120th Precinct and imprisoned therein.

3

21.     Defendant NIEVES prepared arrest paperwork falsely claiming that plaintiffs had committed a crime.

22.     The defendants continued to imprison plaintiffs until approximately 12:30 p.m. on December 23, 2011, when they were released from custody without any charges being filed against them.

23.     Defendant CLEMENZA, who holds the rank of sergeant, supervised defendants NIEVES, PARCO, PALAJ, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest of the plaintiffs.

24.     The defendant officers NIEVES, CLEMENZA, PARCO, PALAJ, and JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the illegal conduct described herein.

25.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, arresting individuals without probable cause to believe that they have committed any crimes; the inadequate screening, hiring, retaining, training and supervising of its employees; and due to a *de facto* policy of falsification.

26.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the parameters of probable cause required to arrest individuals, disproportionately stop, detain, search, and arrest individuals due to discrimination against them based on their race and/or nationality or for other collateral objectives, such as quotas and overtime compensation, and that they engage in a practice of

4

falsification.

27.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

29.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiffs ERIC KING and CLAUDE DALE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual

5

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.    As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants arrested plaintiffs ERIC KING and CLAUDE DALE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

38.    Defendants caused plaintiffs ERIC KING and CLAUDE DALE to be falsely arrested and unlawfully imprisoned.

39.    As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants unreasonably searched plaintiffs ERIC KING and CLAUDE DALE by searching in plaintiffs' pants by swiping their rectal areas.

42.     Defendants caused plaintiffs ERIC KING and CLAUDE DALE to be unreasonably searched thereby causing plaintiffs to suffer emotional distress, embarrassment and humiliation.

43.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The defendants falsely arrested plaintiffs because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

46.     As a result of the foregoing, plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

47.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to

7

punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants had an affirmative duty to intervene on behalf of plaintiffs ERIC KING and CLAUDE DALE, whose constitutional rights were being violated in their presence by other officers.

50.     The defendants failed to intervene to prevent the unlawful conduct described herein.

51.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

52.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

53.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

55.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting people without probable cause, disproportionately stopping, detaining, searching, and arresting individuals due to discrimination against them based on their race and/or nationality and/or for other collateral objectives, such as quotas and overtime compensation, and engaging in a practice of falsification.

59.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein.   As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of

herein.

60.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ERIC KING and CLAUDE DALE

61.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ERIC KING and CLAUDE DALE as alleged herein.

62.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ERIC KING and CLAUDE DALE as alleged herein.

63.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs ERIC KING and CLAUDE DALE were unlawfully arrested.

64.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ERIC KING and CLAUDE DALE's constitutional rights.

65.    All of the foregoing acts by defendants deprived plaintiffs ERIC KING and CLAUDE DALE of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from false arrest/unlawful imprisonment;

       C.     To be free from unreasonable searches;

       D.     To be free from the failure to intervene; and

       E.     To receive equal protection under law.

66.    As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

67.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

69.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

72.    Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

73.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants arrested plaintiffs ERIC KING and CLAUDE DALE without probable cause.

75.     Plaintiffs ERIC KING and CLAUDE DALE were detained against their will for an extended period of time and subjected to physical restraints.

76.     As a result of the aforementioned conduct, plaintiffs ERIC KING and CLAUDE DALE were unlawfully imprisoned in violation of the laws of the State of New York.

77.     As a result of the aforementioned conduct, plaintiffs ERIC KING and CLAUDE DALE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

78.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

79.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE were placed in apprehension of imminent harmful and offensive bodily contact.

81.     As a result of defendants' conduct, plaintiffs ERIC KING and CLAUDE DALE

12

have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

82.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants made offensive contact with plaintiffs ERIC KING and CLAUDE DALE without privilege or consent.

85.     As a result of defendant's conduct, plaintiffs ERIC KING and CLAUDE DALE have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     The aforementioned conduct was extreme and outrageous, and exceeded all

13

reasonable bounds of decency.

89.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

90.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

91.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs ERIC KING and CLAUDE DALE.

92.     As a result of the aforementioned conduct, plaintiffs ERIC KING and CLAUDE DALE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ERIC KING and CLAUDE DALE

96.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

14

heretofore alleged in this Complaint.

97.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ERIC KING and CLAUDE DALE.

100.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

101.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     Plaintiffs ERIC KING and CLAUDE DALE's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

103.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

104.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106.     As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

107.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.     As a result of defendants' conduct, plaintiffs ERIC KING and CLAUDE DALE were deprived of their right to equal protection of laws.

16

109.    As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

110.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    As a result of defendants' conduct, plaintiffs ERIC KING and CLAUDE DALE were deprived of their right to security against unreasonable searches, seizures, and interceptions.

112.    As a result of the foregoing, plaintiffs ERIC KING and CLAUDE DALE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ERIC KING and CLAUDE DALE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        October 11, 2013

> LEVENTHAL & KLEIN, LLP
> Attorneys for plaintiffs ERIC KING and
> CLAUDE DALE
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:     _____/s/_____
>         BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ERIC KING and CLAUDE DALE,

                                        Plaintiff,

                                                                    13 CV 1547
              -against-                                             (SLT) (MDG)

CITY OF NEW YORK, JESSICA NIEVES, Individually,
ROBERT CLEMENZA, Individually, CHRISTOPHER PARCO,
Individually, GZIM PALAJ, Individually, and JOHN AND JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100